Bissell, J.,
delivered the opinion of the court.
The present controversy is very easily settled by the application of the familiar doctrine which limits the implied power of the members of non-commercial partnerships to execute commercial paper. In 1886, one Jones and the appellant Tanner appear to have been concerned in running and operating a farm in Montrose county in this state. The testimony establishing the joint relation of the parties was furnished by some letters written by the appellant Tanner, and the evidence of Jones who executed the paper. Generally speaking, it may be said that Jones and Tanner agreed to work, manage and cultivate the land for their joint benefit. The work was to be done by Jones at an agreed valuation for his labor, and the funds were to be advanced by Tanner. There were some other minor details contained in the agreement, but these are all that are essential to show the character of the copartnership, and the relation sustained by the parties to each other. While they were engaged in carrying out this undertaking Jones and one Kerr bought a binder and harvester for the joint use of these three parties. When Jones bought the machine he bought it on credit, and gave two notes for one hundred and two dollars and eighty cents each, due the first of the following January to the order of W. H. Hyde, and delivered them to the vendor. The notes were signed in the individual names of Jones, Tanner and Kerr. Jones and Kerr signed their own names and Jones affixed Tanner’s signature to the two bills. The *445 notes were not paid at maturity and the present suit was brought against Tanner to collect them. Tanner defended, denied the execution of the notes, and averred that Jones was without authority to execute them on his behalf. The court held his defense unavailing. Under the evidence this finding was manifestly wrong. Nothing is more clearly settled in the law than that one partner in a non-trading partnership cannot bind his partner by a note unless he has express authority to execute it, or the execution is necessary to the transaction of the partnership business, or there be proof of some custom in that class of trading from which the law implies the authority. The burden to prove what is essential to give rise to the liability rests on the party who brings the suit. Lindley on Partnership, (fourth edition), vol. 1, p. *267; Deardorf Adm. v. Thatcher et al., 78 Mo. 128.
The plaintiff sought to avoid the effect of this rule, and offered testimony which in some very slight fashion tended to prove that some notes which had been executed by Jones in the name of the concern were afterwards paid by Tanner. There was, however, an entire absence of evidence that the copartner had express authority to sign the paper in suit, or that the giving of the note was essential to the transaction of the business of the parties, or that it was usual in such undertakings to execute commercial bills. There is nothing in the record which would in any way tend to bring the case within the limit of any established exception to the general rule stated. Under these circumstances it must be held that Tanner was not bound by the affixing of his name to these notes by. his partner Jones.
For the foregoing reasons and the error committed in the entry of judgment against the appellant Tanner, this case must be reversed and remanded for a new trial in conformity with this opinion.

Reversed.